| CATINA BRAXTON-ROBERTSON | * | NO. 2024-CA-0373 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| SEWERAGE & WATER BOARD OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9483 & 9498
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Chanelle L. Collins
Darryl Harrison
SEWERAGE & WATER BOARD
625 St. Joseph Street, Room 201
New Orleans, Louisiana
70165

    COUNSEL FOR DEFENDANT/APPELLANT

Jack Bohannon
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras Street, Suite 720
New Orleans, Louisiana
70112

    COUNSEL FOR PLAINTIFF/APPELLEE

**AFFIRMED**
**DECEMBER 6, 2024**

This case involves an appeal from a decision issued by the Civil Service Commission for the City of New Orleans (hereinafter "the Commission"). Defendant/Appellant, Sewerage and Water Board of New Orleans (hereinafter "S&WB"), seeks review of the Commission's decision reinstating Plaintiff/Appellee, Catina Braxton-Robertson (hereinafter "Mrs. Braxton-Robertson"). After consideration of the record before this Court and applicable law, we affirm the Commission's decision.

## Facts and Procedural History

Mrs. Braxton-Robertson is an eighteen-year permanent classified employee of S&WB. At the time of her dismissal, she was employed as a Water Inspector II with the Meter Reading and Investigations Department.[1]

On July 10, 2023, S&WB notified Mrs. Braxton-Robertson of her emergency suspension by letter. She was placed on emergency suspension based on the following: (1) allegations of worker's compensation fraud, (2) willful acts of negligence, causing damage to a customer's property and (3) document fraud. The

---

[1] Mrs. Braxton-Robertson's job duties include connecting and disconnecting water services.

1

worker's compensation fraud allegations stem from two work related injuries that occurred in 2012 and 2022.[2] As a result of her injuries, Mrs. Braxton-Robertson received worker's compensation benefits and was required to complete a monthly "Workers Compensation Form 1020" (hereinafter "1020 Form") pursuant to La. R.S. 23:1208.[3] The 1020 Form indicates that employees are required to report self-employment, involvement in business enterprises, unemployment and social security disability benefits received while receiving worker's compensation benefits. S&WB alleged that Mrs. Braxton-Robertson failed to report her involvement in business enterprises. It also alleged she committed willful negligence and document fraud related to a June 6, 2023 incident wherein Mrs. Braxton-Robertson was assigned to activate water service (hereinafter "the June Incident").[4] Specifically, S&WB asserted that Mrs. Braxton-Robertson failed to follow its policy in obtaining the homeowner's signature prior to activating his water service. S&WB conducted an internal investigation after placing Mrs. Braxton-Robertson on emergency suspension.[5]

On July 24, 2023, Mrs. Braxton-Robertson was notified by S&WB of her termination by letter. Her termination was based on worker's compensation fraud; willful acts of negligence, causing damage to a customer's property; and document

---

[2] In 2012, Mrs. Braxton-Robertson was injured during a work-related car accident which caused injuries to her hip, leg and back. She sustained another injury in March 2022 to her right wrist.

[3] In accordance with La. R.S. 23:1208(A):

> It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

[4] The homeowner filed a complaint reporting that he did not give his signature and that his home flooded after Mrs. Braxton-Robertson activated water service.

[5] Mrs. Braxton-Robertson first attempted to resign following the June Incident; however, S&WB did not permit her to resign and placed her on emergency suspension.

fraud. The letter indicated Mrs. Braxton-Robertson violated the following: (1) S&WB's Progressive Discipline Policy; (2) S&WB's Professional Conduct Policy; (3) Civil Service Rule IX, Section 1, Maintaining Standards of Service; and (4) S&WB's Vehicle Usage Policy.[6]

Mrs. Braxton-Robertson appealed her suspension and termination to the Commission challenging the sufficiency of the evidence which formed the basis of her termination. She asserted that she did not commit worker's compensation fraud or violate S&WB's policies when activating the homeowner's water service. The appeal was heard by a hearing officer who heard extensive testimony, viewed the evidence and concluded that S&WB failed to submit sufficient evidence to warrant termination.[7] The hearing officer recommended that the Commission grant Mrs. Braxton-Robertson's appeal. The Commission reviewed the hearing transcripts, evidence submitted and the hearing officer's report. It concluded that S&WB failed to submit sufficient evidence to support the allegations of worker's compensation fraud. The Commission also found that S&WB failed to prove that Mrs. Braxton-Robertson violated any S&WB policy. Mrs. Braxton-Robertson's appeal was granted and the Commission reinstated her employment. This appeal followed.

---

[6] The relevant policy in this appeal is S&WB's Progressive Discipline Policy. This policy warns its employees that termination will result if fraudulent claims are made in connection to worker's compensation benefits.

In Mrs. Braxton-Robertson's termination letter, S&WB maintains she violated the Vehicle Usage Policy by selling "unauthorized [S&WB] merchandise" out of a S&WB work truck. It also alleges that Mrs. Braxton-Robertson was guilty of recklessly operating a company vehicle by participating in Facebook live stream while driving a work truck. However, S&WB did not introduce evidence of these violations at her hearing and the allegations are not at issue in this appeal.

[7] Testimony was elicited at the hearing from the following: Mrs. Braxton-Robertson, Korye Delarge-Dickerson, Brenton McCoy, Monique Chatters, Michael LeVasseur, Clifton Neely, Kimberly Batise; Toyida Rogers, Ronald Williams, Sr. and Janice Porter.

## Standard of Review

"[T]he standard of review in a case from the Civil Service Commission is established by the constitutional rule that the Commission's decision is subject to review on any question of law or fact." *Dukes v. New Orleans Police Dep't*, 2022-0746, p. 5 (La.App. 4 Cir. 5/10/23), 368 So.3d 159, 163 (citing La. Const. art. X, § 12). "A multifaceted standard of appellate review applies." *Dukes*, 2022-0746, p.5, 368 So.3d at 163. The Commission's factual findings are not disturbed upon review unless clearly wrong or manifestly erroneous. *Id.* (citation omitted). When "evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion." *Id.* (internal quotations omitted) (citation omitted).

## Discussion

On appeal, S&WB asserts two assignments of error. First, it maintains there was sufficient evidence to establish that Mrs. Braxton-Robertson engaged in worker's compensation fraud. Second, it argues that Mrs. Braxton-Robertson violated S&WB's policies when activating a homeowner's water without his signature.

"An employee with permanent status in the classified city service may only be terminated, or otherwise subjected to disciplinary action, in writing and for good cause." *Stephens v. New Orleans Police Dep't*, 2019-0641, p. 6 (La.App. 4 Cir. 12/4/19), 286 So.3d 519, 523 (citation omitted). "Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged." *Cittadino v. Dep't of Police*, 558 So.2d 1311, 1315

4

(La.App. 4th Cir. 1990) (citation omitted). "[T]he appointing authority must prove, by a preponderance of the evidence, the occurrence of the complained of activity and that the conduct did in fact impair the efficient and orderly operation of the public service." *Dukes*, 2022-0746, p. 6, 368 So.3d at 164 (citations omitted).

S&WB terminated Mrs. Braxton-Robertson based on alleged acts of worker's compensation fraud, willful acts of negligence and document fraud. The Commission's "duty [is] to review whether good or lawful cause exists for taking [] disciplinary action against an employee." *Stephens*, 2019-0641, p. 6, 286 So.3d at 523 (citation omitted). The Commission concluded that S&WB failed to establish (1) Mrs. Braxton-Robertson engaged in worker's compensation fraud and (2) Mrs. Braxton-Robertson violated S&WB's policy when activating the homeowner's water without his signature. We address each assignment of error in turn.

### *Worker's Compensation Fraud*

S&WB maintains that Mrs. Braxton-Robertson failed to report her involvement in business enterprises as required by La. R.S. 23:1208. It maintains that Mrs. Braxton-Robertson's failure to report this information constitutes worker's compensation fraud.

Agent Clifton Neely (hereinafter "Agent Neely"), a senior special agent with S&WB, was assigned to investigate the allegations of worker's compensation fraud against Mrs. Braxton-Robertson. As part of his initial investigation, Agent Neely reviewed the following: (1) a report from Ms. Jaqueline Spencer (hereinafter "Ms. Spencer"), a S&WB risk manager; (2) a report from Genesis Information Services (hereinafter "Genesis"), a private investigative agency hired to investigate Mrs.

5

Braxton-Robertson; and (3) five of Mrs. Braxton-Robertson's 1020 Forms.[8] The Genesis investigation revealed that Mrs. Braxton-Robertson and her husband were registered agents of two businesses, Ice Cleaning Services and Ice Landscaping Services. The investigation also located advertisements on Mrs. Braxton-Robertson's Facebook page, HomeAdvisor and Nextdoor.com for Ice Cleaning Services, Ice Landscaping Service and Hank Chief.[9] Based on his investigation, Agent Neely concluded Mrs. Braxton-Robertson engaged in worker's compensation fraud by being involved in business enterprises and failing to report her involvement on the 1020 Forms.

S&WB's Progressive Discipline Policy prohibits the submission of fraudulent claims by employees. The 1020 Form states that S&WB employees receiving worker's compensation benefits are required to report, on a monthly basis, self-employment, involvement in business enterprises, unemployment benefits and social security disability benefits. The 1020 Form specifically states that "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." La. R.S. 23:1208(A).

S&WB submitted Mrs. Braxton-Robertson's 1020 Forms from January 2021 to May 2021 and evidence of social media pages promoting Ice Cleaning Services, Ice Landscape Services and Hank Chief. It maintained that the Genesis report, coupled with the 1020 Forms, establishes that Mrs. Braxton-Robertson was

---

[8] Genesis surveilled Mrs. Braxton-Robertson's day-to-day activities on three separate days. The surveillance did not reveal any abnormal activity and is not the subject of this appeal.

[9] Hank Chief is a catering business owned by members of Mrs. Braxton-Robertson's family. She testified that she only posts advertisements on social media to promote the business and receives no income.

involved in business enterprises and neglected to include that information on the 1020 Forms submitted at the hearing.

The Commission reviewed the evidence and concluded that there was insufficient evidence to establish that Mrs. Braxton-Robertson committed worker's compensation fraud. We find this conclusion supported by the evidence. The hearing officer and the Commission determined that the 1020 Forms contain various discrepancies. Specifically, Mrs. Braxton-Robertson's January 2021 form includes a date of "January 2021" at the top of the form; however, "May 2021" is at the bottom of the form next to her signature. The 1020 Form is dated February 2021, but contains a date of "June 2021" on the bottom of the form next to Mrs. Braxton-Robertson's signature. Four of the five 1020 Forms submitted contain the exact same discrepancy. The Commission also recognized that Mrs. Braxton-Robertson has been receiving worker's compensation benefits from S&WB since 2012 and noted her testimony was that she has completed over 120 forms. However, S&WB submitted only five 1020 Forms and four of those forms contained discrepancies. Mrs. Braxton-Robertson acknowledged that she is involved in family businesses and routinely informs S&WB of that fact through the 1020 Forms. She maintained that she did not complete the 1020 Forms relied upon by S&WB at the hearing. S&WB tried to explain this discrepancy by pointing out that the 1020 Forms are often completed after the reporting date located at the top of the form. The Commission apparently found no merit to this argument, finding that S&WB's explanation did not align with Mrs. Braxton-Robertson's testimony or the 1020 Forms submitted into evidence.

This Court has held that "deference will be given to the factual conclusions of the Commission." *Stephens*, 2019-0641, p. 8, 286 So.3d at 524 (quoting *Pope v.*

7

*New Orleans Police Dep't*, 2004-1888, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4) (citation omitted) (internal quotation omitted). The Commission carefully weighed the evidence submitted and found that S&WB failed to satisfy its burden of proof to establish Mrs. Braxton-Robertson committed worker's compensation fraud. We find the conclusion of the Commission is not contrary to the evidence and this Court will not disturb its decision.

### *June Incident*

S&WB also alleges Mrs. Braxton-Robertson committed willful acts of negligence, resulting in property damage, when activating the water on June 6, 2023. The crux of S&WB's assertion is that Mrs. Braxton-Robertson did not obtain the signature of the homeowner prior to activating his water.

Michael LeVasseur (hereinafter "Agent LeVasseur"), a senior special agent with S&WB, was assigned to investigate the June Incident and allegations of Mrs. Braxton-Robertson's willful acts of negligence. Agent LeVasseur's investigation included an interview with the complaining homeowner and a review of Mrs. Braxton-Robertson's statement and work vehicle's GPS location on June 6, 2023. The investigation revealed that the homeowner never met with Mrs. Braxton-Robertson nor did he sign a document authorizing her to activate his water service. Rather, Agent LeVasseur determined that Mrs. Braxton-Robertson received authorization to activate the water from a construction worker at the home. He concluded that her failure to secure a signature from the homeowner was a violation of S&WB's policies.

The Commission disagreed concluding that S&WB failed to show Mrs. Braxton-Robertson violated S&WB's policies when activating the homeowner's water service without obtaining his signature. We find this conclusion supported

by the evidence. At the hearing, Mrs. Braxton-Robertson explained that she often receives a signature to activate a water service from someone other than a homeowner. She testified that she is unaware of a policy stating otherwise. This was corroborated by the testimony of employees from the same department who similarly explained they would receive a signature from a contractor or construction worker prior to activating water service. These witnesses were also unaware of a policy requiring the homeowner's signature. Therefore, the Commission determined S&WB failed to submit evidence of any policy which states that employees are required to obtain a signature from a homeowner. There is no policy within the record to support S&WB's assertions. Based on the record before us, we do not find the Commission's decision manifestly erroneous. "This Court will not modify a decision of the Commission absent a finding that the Commission's decision is clearly or manifestly erroneous." *Mykulak v. New Orleans Police Dep't*, 2022-0578, p. 11 (La.App. 4 Cir. 3/16/23), 359 So.3d 1028, 1037 (citation omitted). The Commission carefully weighed the evidence and found that S&WB failed to satisfy its burden of proof. We agree. Accordingly, this Court will not disturb the Commission's findings.

### Decree

Based on the foregoing, the Commission's decision to reinstate Mrs. Braxton-Robertson and reimburse her for lost wages and other emoluments of employment is affirmed.

**AFFIRMED**